J-S11006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                       :

            v.                            :
                                       :
                                     :

CHRISTOPHER CORLEY           :
                                       :

            Appellant           :    No. 209 EDA 2018

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007418-2016,
CP-51-CR-0007422-2016

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                   **FILED MAY 13, 2019**

Christopher Corley ("Appellant") appeals from the judgment of sentence imposed after a jury found him guilty of murder in the first degree, conspiracy to commit murder, two counts of robbery, two counts of kidnapping for ransom, firearms not to be carried without a license, firearms not to be carried in public, possession of an instrument of crime ("PIC"), attempted murder, and aggravated assault.[1] We affirm.

The trial court summarized the facts of this case as follows:

> On April 17, 2014, [Appellant], Brandon McKelvey, Nysare Alston, [DeForest Johnson,] and Ken Thomas kidnapped Carl Johnson and Ryan Hardy, as part of a robbery scheme.[1] During the course of the robbery, both men were shot. [Carl] Johnson died as a result of his injuries. Hardy was injured, but survived.

---

[1] 18 Pa.C.S. §§ 2502(a), 903, 3701, 2901, 6106, 6108, 907, 901(a), and 2702, respectively.

> [1] Co-defendant DeForest Johnson filed a Motion for Severence [sic], which was granted. Co-defendant, Ken Thomas entered into an open guilty plea to murder of the third degree, kidnapping, conspiracy to commit robbery, VUFA [Violations of the Uniform Firearms Act] charges, aggravated assault, [PIC] and avoiding apprehension. N.T., 11/08/17 at pp. 200–202. Thomas testified in the instant matter pursuant to a Memorandum of Agreement with the Commonwealth. He has not been sentenced yet.

Trial Court Opinion, 6/6/18, at 3.[2] Following Appellant's jury trial and convictions, the trial court sentenced him on November 16, 2017, "to concurrent terms of life without possibility of parole for the first degree murder and conspiracy to commit murder convictions and a consecutive ten (10) to twenty (20) years confinement for the attempted murder conviction. No further penalty was imposed for the remainder of the charges." *Id.* at 1–2.

Appellant filed a post-sentence motion challenging the weight of the evidence and the length of his sentence. Post-Sentence Motion, 11/27/17, at ¶¶ 1, 2. The trial court denied Appellant's post-sentence motion without a hearing. Order, 12/11/17. This appeal followed. Notice of Appeal, 1/8/18. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single question: "Whether the verdict was against the sufficiency of the evidence when there was no forensic evidence

---

[2] Appellant was tried together with co-defendants McKelvey and Alston. Co-defendant McKelvey's appeal is lodged at 65 EDA 2018, and co-defendant Alston's appeal, at 215 EDA 2018.

such as fingerprints, DNA or videos connecting [Appellant] to the crime, only the testimony of a polluted and corrupt source who is facing life sentences in both Federal and State Courts." Appellant's Brief at 4.[3] As a preliminary matter, we address whether Appellant has preserved his issue for appellate review.

This Court has stated, "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Pa.R.A.P] 1925(b) statement **must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient**." ***Commonwealth v. Stiles***, 143 A.3d 968, 982 (Pa. Super. 2016) (quoting ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013)) (internal quotation marks omitted; emphasis added); ***see also*** Pa.R.A.P. 1925(b)(4)(ii) ("[T]he Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). "Such specificity is of particular importance in cases where, as here, [A]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Garland***, 63 A.3d at 344. Failure to identify what specific elements the Commonwealth did not prove at trial in a Rule 1925(b)

---

[3] We note that Appellant's brief violates Pa.R.A.P. 2111(a)(11) in that it does not include a copy of the trial court's Pa.R.A.P. 1925(a) opinion or Appellant's Pa.R.A.P. 1925(b) statement. Because these omissions do not preclude our review, we do not quash the appeal.

statement renders an appellant's sufficiency-of-the-evidence claim waived for appellate review. *See Commonwealth v. Tyack*, 128 A.3d 254, 261 (Pa. Super. 2015) (finding appellant's issues waived where "1925(b) statement simply declared, in boilerplate fashion, that the evidence was insufficient to support his conviction").

Here, Appellant states in his Pa.R.A.P. 1925(b) statement that:

[t]he verdict was against the sufficiency of the evidence. There was no forensic evidence connecting [Appellant] to the crime. [Appellant] was allegedly driving the van following the kidnapping of Mr. Carl Johnson (decedent) and Mr. Ryan Hardy, (surviving victim). The incident occurred on April 17, [2014], during the afternoon. There were no video cameras at two locations, first where the kidnapping took place, and second in the area where the shooting occurred. [Appellant] is not seen on video driving the green van at any time. DNA and fingerprint testing was done by the crime scene unit and the forensic laboratory. There was no DNA or fingerprints of [Appellant]. The jury had to rely on the testimony of a polluted and corrupt source who was facing life sentences in the state case as well as in his five federal armed robbery cases. It was only the testimony of the cooperating defendant and not the forensic evidence that links [Appellant] to the crime. Forensic evidence does not fabricate.

Pa.R.A.P. 1925(b) Statement, 4/13/18, at 1. Although Appellant challenges the lack of evidence "connecting [him] to **the crime**," he does not identify which crime was not proven beyond a reasonable doubt. *Id*. (emphasis supplied). Additionally, Appellant's "Statement of Questions Involved" fails to specify which crime he is challenging on appeal. Appellant's Brief at 4. Consequently, Appellant's non-specific claim challenging the sufficiency of the evidence, which fails to state which crime was allegedly not proven by the Commonwealth, is waived. *Tyack*, 128 A.3d at 261.

- 4 -

We note that, in the argument section of his brief, Appellant contends that the lack of video, fingerprint, DNA, and cell phone evidence connecting him to "the crime" entitles him to relief. Appellant's Brief at 10–11. Appellant further argues that co-defendant Thomas' testimony was insufficient to sustain evidence of Appellant's involvement because Thomas is a corrupt and polluted source. *Id.* at 11. To the extent that Appellant challenges the Commonwealth's evidence of Appellant's involvement in the conspiracy, we would conclude that, even if not waived, his claim would not merit relief.

In reaching this conclusion, we would rely on—and adopt as our own—the well-reasoned analysis of the trial court in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 6/6/18, at 18–27. Specifically, the trial court disposed of Appellant's sufficiency challenge as follows:

> The Commonwealth presented evidence that co-conspirator Ken Thomas had known [Appellant] as "C" for approximately six (6) years at the time of the murder of [Carl Johnson]. The two of them lived in the same neighborhood in North Philadelphia. Thomas testified that it was [Appellant] who first introduced him to Nysare Alston in 2014. On the morning of [Carl Johnson's] murder, [Appellant] went to a hardware store with Thomas, Brandon McKelvey, and DeForest Johnson with the intent of purchasing duct tape and saran wrap with which to bind the kidnapped [Carl Johnson]. Thomas testified that [Appellant's] role in their plan to kidnap, rob, and murder [Carl Johnson] was to be the driver of the van.

> Thomas additionally testified that the .9 millimeter gun used in the murder of [Carl Johnson] and attempted murder of Ryan Hardy belonged to [Appellant]. The group had agreed beforehand that [Carl Johnson] would have to be killed because he could identify Alston. The ballistics evidence recovered from the scene and the medical examiner's office was determined to be from a nine (9) millimeter gun.

- 5 -

As to the conspiracy conviction, the Commonwealth presented testimony from Thomas that [Appellant] actively engaged in planning to kidnap, rob, and murder [Carl Johnson] with the help of his co-defendants. [Appellant] was among the group buying the supplies with which to tie [Carl Johnson] up. [Appellant] met up with his co-conspirators to flesh out the plan. [Appellant] was present in the van with [Carl Johnson] and Hardy for hours while they were tortured, robbed, and shot multiple times. [Appellant] was present at [DeForest] Johnson's house, after the murder, when [Carl Johnson's] cocaine was divided up equally among the five (5) conspirators. It was [Appellant] who, through a phone call, provided Thomas and Alston with the address of [Carl Johnson's] house so that they could steal [Carl Johnson's] drugs from his house.

As to the robbery conviction, the Commonwealth presented evidence that the conspirators stole drugs, jewelry and a cell phone from [Carl Johnson] and a wallet and cell phone from Hardy. [Carl Johnson's] car was stolen and drugs and a television were taken from his house.

As to the kidnapping conviction, the Commonwealth presented evidence that [Appellant] was driving when his co-conspirators placed [Carl Johnson] and Ryan Hardy in [DeForest] Johnson's van, bound their wrists with duct-tape, and placed duct-tape over their eyes. This was all done with the intention of stealing [Carl Johnson's] drugs and obtaining information on his "connect" [*i.e.*, supplier], so they could rob him as well. With [Appellant] driving, the two men were taken from the Strawberry Mansion area of Philadelphia to the Far Northeast area of Philadelphia where they were held in a place of isolation for hours, immobilized by duct-tape, tortured, and ultimately shot multiple times.

As to the attempted murder conviction, the Commonwealth presented evidence that co-conspirator Brandon McKelvey shot at Ryan Hardy multiple times, hitting him twice: once in his right forearm and once in the left side of his torso. The agreement among the conspirators was that [Carl Johnson] would have to be killed, so that he could not act as a witness. Although it was not expected that Hardy would accompany [Carl Johnson], it logically follows that the same fate was intended for him once he inadvertently became a witness.

To shoot someone is to knowingly and intentionally cause them serious bodily injury with a deadly weapon. "Attempted murder includes an element that is not required to commit aggravated assault under section 2702(a)(2). That element is a specific intent to kill." *Com. v. Johnson*, 874 A.2d 66, 71 (Pa. Super. 2005). Since there was sufficient evidence to sustain a conviction for attempted murder, [it] follows that the elements of aggravated assault were also met.

As to the [firearms] and PIC convictions, trial counsel stipulated to the fact that [Appellant] did not have a valid license to carry a firearm pursuant to 18 Pa.C.S. § 6109(e). Furthermore, it is clear from the evidence that the gun was possessed with intent to commit a crime.

Based on the foregoing and the reasonable inferences deduced therefrom, the Commonwealth established beyond a reasonable doubt that [Appellant] was a co-conspirator in the plot to kidnap, rob, and murder.

\* \* \*

[Appellant] claims that there was no forensic evidence linking [Appellant] to the crimes. Forensic evidence is not required for a jury to find guilt beyond a reasonable doubt. *See Com. v. Kitchen*, 181 A.3d 337, 346 (Pa. Super. 2018), citing *Com. v. Wise*, 171 A.2d 784, 790 (Pa. Super. 2017)("It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.") In addition, the "general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. 18 Pa.C.S.A. § 903." *Com. v. Wayne*, 720 A.3d 456, 463–[4]64 (Pa. 1998). Therefore, the forensic evidence found, namely, the palm print of co-conspirator Ken Thomas on [Carl Johnson's] vehicle, is also evidence against [Appellant].

Trial Court Opinion, 6/6/18, at 24–27, 28–29.

As for Appellant's attack on co-conspirator Thomas as a corrupt and polluted source, Appellant challenges what evidence the jury should have believed in rendering its verdict. *See Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006) (challenge to weight of evidence questions what evidence is to be believed). Although Appellant raised a weight claim in his post-sentence motion, he did not raise it in his Pa.R.A.P. 1925(b) statement. Thus, it is waived. *See Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1999) ("Any issues not raised in a 1925(b) statement will be deemed waived.").[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/19

---

[4] Even if not waived, Appellant's weight claim would not warrant relief. As the trial court opined, "The jury determined the credibility of the evidence in this case after hearing overwhelming direct and circumstantial evidence that [Appellant] was a principal actor in a conspiracy to kidnap, rob, and murder [Carl Johnson] and Ryan Hardy." Trial Court Opinion, 6/6/18, at 27. *See id.* at 28 (refuting Appellant's assertions that Thomas was a corrupt and polluted source and that his testimony was the sole evidence connecting Appellant to the conspiracy).